**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 12-CV-00736-WYD**

LUCAS DEMAESTRI,

    Plaintiff,

v.

AARGON AGENCY, INC.,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

COMES NOW, Defendant, AARGON AGENCY, INC. ("Aargon") by and through its attorneys, The Bourassa Law Group LLC, hereby move to dismiss Plaintiff LUCAS DEMAESTRI's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

    **I.    INTRODUCTION AND STATEMENT OF FACTS.**

Relying on Plaintiff's recitation of the facts of this matter in his Complaint, and solely for the purposes of this Motion, Defendant proffers the following summary of the facts:

Plaintiff owes a debt to Denver Health and Hospital Authority that was transferred to Aargon for collection. (Complaint ¶¶ 18-21.) In February 2012, Plaintiff requested validation of this debt pursuant to 15 U.S.C. section 1692g.[1] (Complaint ¶ 24.) Aargon responded on February 28, 2012. (Complaint ¶ 25.) In response, Aargon provided Plaintiff with itemized statements from Denver Health and Hospital Authority reflecting, among other things,

---

[1] Plaintiff uses the term "validation," while section 1692g(b) uses the term "verification." For purposes of this Motion, Aargon will presume that "validation" and "verification" both refer to the requirements set forth in section 1692g(b).

Plaintiff's name, his social security number, the services provided, the date of service, and the balance owed.  (*See* Exhibit 1, documents provided to Plaintiff on February 28, 2012 in response to his request for verification.)  In addition, Aargon included a cover letter which stated as follows: "Pursuant to Section 809 of the Fair Debt Collection Practices Act, please find, along with this letter, a copy of the document(s) you requested.  These document(s) validate your outstanding balance placed with our office."  (Complaint ¶ 26.)  This letter also contained the following disclosure: "This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose."  (Complaint ¶ 28.)

On March 29, 2012, Plaintiff filed his Complaint in this matter, alleging that Aargon violated the Fair Debt Collection Practices Act ("FDCPA") by failing to properly validate the debt.  (Complaint ¶ 43.)  In addition, Plaintiff contends that the disclaimer in Aargon's February 28 letter violates the FDCPA because it is an attempt to collect a debt without providing proper validation as required by section 1692g.  As will be more fully explained below, however, Plaintiff's claims are wholly without merit and therefore should be dismissed for failing to state a claim upon which relief can be granted.

**II.     ARGUMENT.**

**A.     Standard For Motion To Dismiss.**

In ruling on a Rule 12(b)(6) motion for failure to state a claim, the Court must assume the truth of the plaintiff's factual allegations and "ask whether it is plausible that the plaintiff is entitled to relief."  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  Conclusory allegations are not enough to state a claim; rather, a plaintiff must plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

As a general rule, a 12(b)(6) motion must be converted to a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court." F.R.C.P. 12(d). However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Prager v. LaFaver*, 180 F.3d 1185, 1188-89 (10th Cir. 1999) (same). Here, Plaintiff's claims rest entirely on his claim that the documents sent to him by Aargon in response to his request for validation do not constitute a proper validation of a debt. (Complaint ¶¶ 25-27.) As these documents are central to Plaintiff's claim and are referenced in the Complaint, the Court may consider the documents (attached hereto as Exhibit 1) in ruling on this Motion to Dismiss. *See id.*

### B. Plaintiff's FDCPA Fail To State A Claim.

#### 1. Aargon Properly Verified The Debt.

15 U.S.C. section 1692g(b) provides:

> If the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original

>>creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

The FDCPA does not define the term "verification of the debt," however, courts that have addressed this issue have held that a collector can satisfy its duty to verify the debt under section 1692g(b) of the FDCPA by providing the debtor written confirmation of the amount that the creditor claims is owed. *See Clark v. Capital Credit & Collect. Servs., Inc.*, 460 F. 3d 1162, 1173-74 (9th Cir. 2006); *see also Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). As the *Chaudhry* court observed, Congress did not implement the verification requirements of section 1692g(b) as a mechanism to allow consumers to demand that collectors provide them detailed evidence of the debt. The goal of section 1692g(b) was much more modest: "Consistent with the legislative history, verification is only intended to eliminate the…problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid. There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt. *Chaudhry*, 174 F.3d at 406 (internal citations and quotations omitted); *accord Maynard v. Cannon*, 401 Fed. Appx. 389, 396 (10th Cir. 2010) ("This provision is not intended to give a debtor a detailed accounting of debt to be collected."). In *Clark*, the Ninth Circuit followed *Chaudhry*, and rejected the consumer's argument that in order to verify a debt, a collector must provide copies of bills or other detailed evidence. The Clark court held: "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark*, 460 F.3d at 1173-74 (citations omitted).

Here, in response to Plaintiff's request for validation of the debt in question, Aargon provided the name of the original creditor (Denver Health and Hospital Authority). (Complaint ¶ 18). Aargon also provided the documents attached hereto as Exhibit 1, which provide, among other things, the following information demonstrating the validity of the debt:

- The name of the debtor, his date of birth, address, telephone number, and social security number;
- The date of service;
- An itemized list of services provided; and
- The total account balance owed.

(*See* Exhibit 1.)  No further information is required to be provided by Aargon in order to validate the debt.  Accordingly, Plaintiff's claims of improper verification are without merit, and his Complaint fails to state a claim.

> **2. Even If Aargon's Verification Was Inadequate (Which It Is Not), The Disclaimer Set Forth In The Letter Does Not Constitute An Attempt To Collect A Debt.**

Even assuming, for the sake of this Motion, that Aargon's verification of Plaintiff's debt was somehow inadequate, Plaintiff's claims that Aargon attempted to collect the debt by sending him the letter referenced in his Complaint still fail to state a claim upon which relief can be granted.  Plaintiff claims that Aargon attempted to collect a debt by virtue of its February 28, 2012 letter because the letter stated "This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." Complaint ¶ 28.  However, section 1692e(11) makes it unlawful for a debt collector to fail to "disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the

debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." In addition, section 1692e(11) requires that a debt collector "disclose in subsequent communications that the communication is from a debt collector. . . ." *Id.* Thus, this language was simply a disclaimer that Aargon was ***required*** by the FDCPA to provide when communicating with a consumer. Thus, Plaintiff's Complaint should be dismissed, as it fails to state a claim upon which relief can be granted.

### III.   CONCLUSION.

For all the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Dated this 1st day of May, 2012.

>        */s/ Hillary R. Ross*
> Hillary R. Ross
> The Bourassa Law Group, LLC
> 3773 Cherry Creek Drive North, Suite 575
> Denver, Colorado 80209
> Tel:  303.331.6186
> Fax: 303.331.6188
> Email:  hross@bourassalawgroup.com
>
> *Counsel for Defendant*

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed electronically through the Court's CM/ECF System on May 1, 2012. A copy was also mailed via U.S.P.S. First Class Mail addressed to:

Lucas DeMaestri
9901 E. Evans Ave. #23D
Denver, CO 80247

*/s/ Hillary R. Ross*
HILLARY R. ROSS