# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00736-WYD-KMT

LUCAS DEMAESTRI,

    Plaintiff,

-v-

AARGON AGENCY, INC.,

    Defendant.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAY 18 2012**

GREGORY C. LANGHAM
                    CLERK

## PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW Lucas DeMaestri ("the Plaintiff") to respectfully move the Court for leave to file a SECOND AMENDED COMPLAINT.

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C. COLO.LCiv.R 7.1

The undersigned certifies that, pursuant to D.C.COLO.LCivR 7.1, the undersigned conferred with Defendant regarding this Motion for Leave to file a Second Amended Complaint pursuant to Fed. R.Civ.P. 42(a). Defendant objects to the relief requested and does not consent to the filing of this motion.

Plaintiff did not purposefully avail himself to his one opportunity to amend his complaint. Plaintiff did not amend anything other than the headings to conform with Magistrate Judge Boyd N. Boland's order. Plaintiff did not realize this counted as his one opportunity to amend his complaint otherwise he would have submitted these amendments in the first instance. Plaintiff is pro se and mistakenly left out facts and

allegations in the first complaint that Plaintiff now believes are crucial to proving his case and stating his claim.

Plaintiff has amended him complaint at paragraphs #'s 26-38 to add the following facts and allegations:

26. The document(s) dated 2/28/12 provided to Plaintiff with Defendant's dunning letter, were not Account and general ledger statements signed and dated by the party responsible for maintaining the alleged Account and was not sworn to and dated by the person who maintained the ledger.

27. The Defendant provided no documentation to Plaintiff which establishes a chain of title or made any showing Defendant has a right, title or interest in a Account or debt of Plaintiff.

28. Defendant's dunning letter and alleged validation/verification documents dated 2/28/12 to Plaintiff contained no documentation showing that Defendant owns the alleged debt legally or has been legally authorized to collect it from Plaintiff.

29. Defendant's dunning letter and alleged validation/verification documents dated 2/28/12 to Plaintiff did not contain a complete payment history documented from the original creditor.

30. Defendant's dunning letter and alleged validation/verification documents dated 2/28/12 to Plaintiff did not contain a copy of the original agreement Defendant allegedly had with the original creditor.

31. Plaintiff has never had any type of contract, debt, Account, etc., with DENVER HEALTH AND HOSPITAL AUTHORITY or the Defendant and Defendant has not provided Plaintiff or the Court with documentation establishing such.

32. Defendant's dunning letter and alleged validation/verification documents were both dated 2/28/12 and were very confusing to Plaintiff as there was no address of Plaintiff and was signed by an employee for the Defendant and not an employee of the alleged original creditor.

33. Defendant's dunning letter and the alleged validation/verification documents were both dated 2/28/12.

34. Defendant's dunning letter and alleged validation/verification documents were dated February 28, 2012, only ten (10) day after Defendant received Plaintiff's validation notice on February 18, 2012.

35. The document(s) Defendant provided to Plaintiff with Defendant's dunning response, were printed out from Defendant's own computer system, using the data previously provided to them by the alleged original creditor, as the Defendant's dunning letter and the original creditors alleged validation/verification documents contained the same date of 2/28/12 and was signed by an employee for the Defendant.

36. The document(s) Defendant provided to Plaintiff with Defendant's dunning letter, were not statements and documentation from the alleged original creditor sent to the Defendant and then sent by the Defendant to Plaintiff, as the Defendant's dunning letter and the original creditors alleged validation/verification documents contained the same date of 2/28/12 and was signed by an employee for the Defendant.

37. Defendant's response additionally stated:

> "This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

38. Defendant did not provide Plaintiff with documentation that establishes Defendant validated and / or verified the alleged debt with the original creditor before resuming collection activities.

**WHEREFORE,** Plaintiff respectfully requests that this motion for leave to file an amended complaint be granted.

Dated: May 18, 2012
Respectfully submitted,

_____
Lucas DeMaestri
9901 E. Evans Ave. #23D
Denver, CO 80247

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was mailed USPS first class mail to the person(s) listed below:

Hillary R. Ross, Esq
The Bourassa Law Group, LLC
3773 Cherry Creek Drive North, Suite 575
Denver, Colorado 80209

_____
Plaintiffs Original Signature

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# FACSIMILE COVER SHEET

1. Date of Transmission:

    5/18/12

2. Name of party making the transmission:

    LUCAS DEMAESTRI,

    Facsimile number: 720-535-6656 (call first)   Telephone number: 720-535-6656

3. Case number, caption and title of pleading or paper:

    1:12-cv-00736-WYD-KMT,

    LUCAS DEMAESTRI v. AARGON AGENCY, INC..

    PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

4. Number of pages being transmitted, including facsimile cover sheet: 5

    Instructions: