IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-00736-WYD

LUCAS DEMAESTRI,

    Plaintiff,

v.

AARGON AGENCY, INC.,

    Defendant.

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLINTIFF'S COMPLAINT

COMES NOW, Lucas DeMaestri ("Plaintiff") and hereby respectfully offers the following in response to the Defendants' Motion to Dismiss, and further states as follows:

**I.   INTRODUCTION AND STATEMENT OF FACTS.**

Plaintiff allegedly owes a debt to Denver Health and Hospital Authority that was transferred to Aargon for collection. (Complaint ¶¶ 18-21.) In February 2012, Plaintiff requested validation of this debt pursuant to 15 U.S.C. section 1692g (Complaint ¶ 24.) Aargon responded on February 28, 2012. (Complaint ¶ 25.) In response, Aargon provided Plaintiff with statements allegedly from Denver Health and Hospital Authority reflecting, Plaintiff's name, his social security number, the services provided, the date of service, and the balance owed. (See Exhibit 1) In addition, Aargon included a cover letter signed by an employee for Aargon and also dated February 28, 2012 which stated as follows: "Pursuant to Section 809 of the Fair Debt Collection Practices Act, please find, along with this letter, a copy of the document(s) you requested. These document(s) validate your outstanding balance placed with our office." (See Exhibit 2) (Complaint ¶ 26.) This

letter also contained the following: "This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." (Complaint ¶ 28.)

On March 29, 2012, Plaintiff filed his Complaint in this matter, alleging that Aargon violated the Fair Debt Collection Practices Act ("FDCPA") by failing to properly validate the debt while simultaneously attempting to collect the alleged debt in the same letter. (Complaint ¶ 43.) Plaintiff contends that the cover letter in Aargon's February 28 letter violates the FDCPA because it is an attempt to collect a debt without first providing proper validation and / or verification after Plaintiff made a timely request for such as required by section 1692g.

## II. ARGUMENT.

### A. Standard For Motion To Dismiss.

There is legal sufficiency to show that Plaintiff is entitled to relief under Plaintiff's Complaint. "A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999), *Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed. 2d 80 (1957) also *Neitzke v. Williams,* 109 S. Ct. 1827, 1832 (1989). Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint." In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 6th Cir. USCA) also *Hall v. Bellmon* 935 F.2d 1106 (10th Cir. 1991).

The Court "must accept must accept all well-pleaded allegations of the complaint as true." *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "The allegations of the claim must be taken as true and must be read to include *any theory* on which the plaintiff may recover." *See Linder v. Portocarrero*, 963 F.2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). The issue for consideration on a 'motion to dismiss' is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986). "Motions to dismiss for failure to state a claim are granted *sparingly and with caution* in order to make certain that plaintiff is not improperly denied a right to have his claim adjudicated..." *Agora, Inc. v. Axxess, Inc.*, 90 F.Supp. 2d 697, 699 (D.Md. 2000) (quoting 5A Charles A. Wright & Arthur R. Miller, FED. PRACTICE & PROCEDURE, Civil 2d § 1349 at 192-93 (1990)). If a *defect* can be cured by amendment, a leave to amend should be freely granted. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Ferrell Law, P.A. v. Crescent Miami Center, LLP*, 313 Fed. Appx. 182, 186 (11th Cir. 2008); Fed. R. Civ. P. 15(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests". *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . we do not require heightened fact pleading of specifics, but only enough facts to state a claim to

relief that is plausible on its face". *Id.* at 1964, 1974. (*Bassler v. George Weston Bakeries Distribution, Inc.*, 2008 WL 4724434 *1 (M.D. Fla. October 24, 2008).

Moreover, "In analyzing whether the plaintiff has failed to state a claim, the plaintiff's allegations must be viewed in the light most favorable to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.1991). "The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.), also Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989). Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, it was stated that the Court will "accept the truth of the well-pleaded factual allegations of the Complaint."

Furthermore, while the *Twombly/Iqbal* precedent may require more facts to survive a motion to dismiss, the Tenth Circuit has also somewhat limited its impact. The Tenth Circuit still recognizes that granting a motion to dismiss "is a harsh remedy" that must be used cautiously. Accordingly, the Tenth Circuit is mindful that a well-pleaded complaint should not be dismissed "even if it strikes a savvy judge that actual proof of those facts is improbable and that recovery is very remote and unlikely." *Dias v. City and County of Denver, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting Twombly, 127 S.Ct. at 1965) (internal quotation marks omitted).* Thus, while *Twombly/Iqbal* may have modified notice pleading to include a facial plausibility requirement, *Twombly/Iqbal* should not be read so expansively as to abrogate notice pleading altogether. *In re Lyons,*

No. 09-22773, 2010 WL 1257746 at 3, n.15 (Bankr. D. Kan. March 26, 2010). Applying these standards, the Defendant's Motion to Dismiss should be denied.

B. **Plaintiff Has Stated an FDCPA Claim.**

    1. **Aargon Failed to Properly Validate and / or Verify the alleged debt.**

Plaintiff's validation request letter specifically instructed Defendant that "This is NOT a request for "verification"... I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you." Defendant provided no documentation to Plaintiff which validates Plaintiff has any legal obligation to pay Defendant any amount of money.

Defendant attempts to show compliance with the statute by claiming "Aargon properly verified the debt" in spite of the fact Plaintiff specifically instructed Defendant that "This is NOT a request for "verification"". Once proven a valid debt exists then Plaintiff may have chosen to seek "verification" of such. However, Plaintiff was not afforded this opportunity as Defendant willfully ignored Plaintiff's request to validate the debt. Defendant maintains, that there was no violation of the FDCPA because "Aargon provided the name of the original creditor (Denver Health and Hospital Authority). Aargon also provided the documents attached hereto as Exhibit 1, which provide, among other things, the following information demonstrating the validity of the debt: The name of the debtor, his date of birth, address, telephone number, and social security number; The date of service; An itemized list of services provided; and The total account balance owed."

Similarly in the case of *Spears v. Brennan*, Brennan tried to make the same argument and the Court could not agree. Brennan maintained "that there was no

violation of the FDCPA because he sent adequate verification of the debt to Spears in the October 30, 1996 notice of claim. Specifically, Brennan claims that a copy of the consumer credit contract between Spears and American General attached to the notice of claim provided sufficient verification of the debt within the meaning of 15 U.S.C. § 1692g(b). We cannot agree." *See Spears v. Brennan*, 745 NE 2d 862 - 2001 (emphasis added). "A copy of the consumer credit contract is not sufficient to validate the debt. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account." *See Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334, 614 P.2d 936 (1980); *GE Cap/fa/ Hawaii, Inc. v. Yonenaka*, 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); *Fooks v. Norwich Housing Authority*, 28 Conn. L. Rptr. 371, (Conn. Super.2000); *Town of Brookfield v. Candlewood Shores Estates, Inc.*, 513 A.2d 1218, 201 Conn. 1 (1986); and *Solaon v. Godbole*, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 515 N.E. 2d 1045 (3rd Dist 1987). If a copy of a consumer credit contract is not sufficient to validate a debt then Defendant's computer printouts merely showing "The name of the debtor, his date of birth, telephone number, and social security number; The date of service; An itemized list of services provided; and The total account balance owed" alleged to be from the original creditor **cannot be sufficient either.**

2. **Defendants Assertion that "Even If Aargon's Verification Was Inadequate, The Disclaimer Set Forth In The Letter Does Not Constitute An Attempt To Collect A Debt" is Misguided.**

As stated above Plaintiff did not request "verification" but rather "validation" of the debt and Defendant has made no showing Plaintiff has any legal obligation to pay

Defendant any amount of money. Moreover, even if Plaintiff had requested "verification" of the debt, and even if the two terms "validation" and "verification" are synonymous as the statute makes no distinction nor defines either term, Defendant's "verification" of the debt was inadequate as well and therefore attempting to collect the debt is a violation of 15 U.S.C. § 1692g(b). The FDCPA does not require a debt collector to validate and / or verify a debt, it only requires the debt collector cease collection activities until they have validated the debt. 15 U.S.C. § 1692g(b) provides in part: If the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt (Emphasis added). "Debt collection attempts must cease until the debt is validated." *See Jolly v. Academy Collection Service, Inc.*, 400 F. Supp. 2d 851 - Dist. Court, MD North Carolina 2005. Courts have generally held that prior to filing suit against a debt collection agency, debtors seeking to dispute their debts should employ the FDCPA's debt validation procedure, which allows debtors to require debt collectors to validate the debt with the original creditor before collection activities can resume. See *Bleich v. Revenue Maximization Grp. Inc.*, 233 F. Supp. 2d 496, 501 (E.D.N.Y. 2002). See, *Milton v. LTD FINANCIAL SERVICES*, Dist. Court, SD Georgia 2011

In this case the Defendant chose not to properly validate and / or verify the debt and yet to continue collection activities. The Defendant was under no obligation or duty to contact Plaintiff after Plaintiff made his timely validation request. Defendant's obligation and duty at that point was to either properly validate and / or verify the debt or discontinue collection activity. Defendant had an obligation and duty to validate/verify the debt and cease collection activity until such was obtained and the Defendant willfully

did neither. The Defendant's cover letter which was signed by an employee for the Defendant (*See* Exhibit 2) and alleged validation documents (*See* Exhibit 1) both contained the same date of 2/28/12. This shows conclusively that they were printed from Defendant's own computer system on the same day then sent to Plaintiff and <u>not obtained</u> from the original creditor by the Defendant and then sent from the Defendant to the Plaintiff, in violation of the FDCPA. The FDCPA, 15 U.S.C. § 1692g(b) provides in part: If the consumer notifies the debt collector in writing . . . that the debt . . . is disputed . . . the debt collector shall cease <u>collection of the debt</u> . . . until the debt collector <u>obtains verification</u> of the debt or a copy of a judgment (Emphasis added).

The above stated actions of the Defendant are in violation of the FDCPA and Plaintiff is entitled to relief as Defendant clearly did not "obtain verification of the debt" in any proper sense of the term and chose willfully to continue attempting to collect the alleged debt. Plaintiff has brought claims against the Defendant pursuant to 15 U.S.C. §§1692e, 1692f and 1692g. Those claims are set forth in the Complaint filed by the Plaintiff in addition to the facts supporting them and do in fact show Plaintiff is entitled to relief. Thus, Plaintiff's Complaint should not be dismissed, as it does state a claim upon which relief can be granted. Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. See *Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

## III. CONCLUSION.

For all the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendant's Motion to Dismiss Plaintiff's Complaint, GRANT Plaintiff's Response Motion in Opposition to Defendants Motion to Dismiss Plaintiff's Complaint and allow this case to proceed forward.

Dated: May 22, 2012

Respectfully submitted,

Lucas A. DeMaestri,
9901 E. Evans Ave. #23D
Denver, CO 80247

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was mailed USPS first class mail and by electronic mail to the person(s) listed below:

Hillary R. Ross
The Bourassa Law Group, LLC
3773 Cherry Creek Drive North, Suite 575
Denver, Colorado 80209

Plaintiff's Original Signature

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
## FACSIMILE COVER SHEET

1. Date of Transmission:

   5/22/12

2. Name of party making the transmission:

   LUCAS DEMAESTRI,

   Facsimile number: 720-535-6656 (call first)   Telephone number: 720-535-6656

3. Case number, caption and title of pleading or paper:

   1:12-cv-00736-WYD-KMT.

   LUCAS DEMAESTRI v. AARGON AGENCY, INC.,

   PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

4. Number of pages being transmitted, including facsimile cover sheet: 10

   Instructions: