**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 12-CV-00736-WYD-KMT**

LUCAS DEMAESTRI,

    Plaintiff,

v.

AARGON AGENCY, INC.,

    Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

COMES NOW, Defendant, AARGON AGENCY, INC. ("Aargon") by and through its attorneys, The Bourassa Law Group LLC, and files this Reply in Support of its Motion to Dismiss Plaintiff LUCAS DEMAESTRI's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT.

Plaintiff's Complaint in this matter alleges claims for violation of the FDCPA, 15 U.S.C. sections 1692e, 1692f, and 1692g, based upon Aargon's alleged "fail[ure] to provide validation while simultaneously attempting to collect the alleged debt in the same letter." (Complaint ¶ 43.) As set forth in detail in Defendant's Motion, however, Plaintiff's Complaint fails to state a claim because Aargon properly verified the debt. Contrary to Plaintiff's contention in his Opposition, the FDCPA does not provide for a separate "validation" process that requires information in addition to what Aargon provided to Plaintiff. Moreover, irrespective of whether Aargon verified the debt, as a matter of law, Aargon's mere inclusion of

the disclosures required by 15 U.S.C. section 1692e(11) in its response to Plaintiff's request for validation cannot reasonably be construed as an attempt to collect a debt in violation of 15 U.S.C. section 1692g.  Therefore, Plaintiff has failed to state any claim for violation of the FDCPA, and Plaintiff's Complaint should be dismissed in its entirety.

## II. ARGUMENT.

### A. Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted.

#### 1. Plaintiff Misconstrues The FDCPA's Requirement Of Debt Verification.

In his Opposition, Plaintiff contends that he requested "validation" of his debt by Aargon, not "verification".  Therefore, Plaintiff argues, the information provided by Aargon in response to his request was inadequate.  Plaintiff cites to no authority for this claim, no doubt because the terms "validation" and "verification" are used synonymously in the FDCPA.  *See* 15 U.S.C. § 1692g.  Under the heading "Validation of Debts," the FDCPA sets forth the process by which a debtor may dispute a debt and obtain verification:

> If the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).  The FDCPA does not provide for any separate "validation" process apart from the "verification" process set forth in 15 U.S.C. § 1692g. Thus, Plaintiff's claim is without merit.

### 2. Plaintiff Has Not And Cannot Show That Aargon Failed To Properly Validate The Debt At Issue.

Plaintiff cites to *Spears v. Brennan*, 745 N.E.2d 862, 879 (Ind. App. 2001) for his claim that Aargon's verification/validation of Plaintiff's debt was inadequate. *Spears* concerns a consumer credit contract under which the defendant sought to recover interest and late fees as specified in the contract. The *Spears* court held that the production of the contract alone—which did not contain any accounting of payments made by plaintiff, the interest which had accrued, or late fees which had been assessed—was inadequate to verify the debt because it did not even reflect the total amount sought. *Id*. Here, unlike *Spears*, it is undisputed that the debt is not pursuant to a consumer credit contract, and that the documentation provided by Aargon sets forth the amount it seeks to collect.

Plaintiff also cites to *Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334 (1980), *GE Capital Hawaii, Inc. v. Yonenaka*, 96 Haw. 32 (App. 2001), *Fooks v. Norwich Housing Authority*, 28 Conn. L. Rptr. 371 (Conn. Super. 2000), *Brookfield v. Candlewood Shores Estates, Inc*., 201 Conn. 1 (1986), and *Solon v. Godbole*, 163 Ill. App.3d 845 (1987), in support of his claim that more detailed information is needed to properly verify a debt. However, none of these cases provides support to Plaintiff's claim, as none concern verification of a debt under the FDCPA.

It is undisputed that Aargon is seeking the principal balance owed to Denver Health as reflected in the computer printouts sent to Plaintiff in response to his request for verification. Plaintiff admits that these documents set forth the name of the creditor, the name of the debtor, his date of birth, address, telephone number, and social security number, the date of service, an itemized list of services provided, and the total account balance owed. Nothing more is required. As the Tenth Circuit has held, section 1692g "is not intended to give the debtor a

detailed accounting of debt to be collected." *Maynard v. Cannon*, 401 Fed. Appx. 389, 396 (10th Cir. 2010). Other federal district courts have come to the same conclusion. *See Clark v. Capital Credit & Collect. Servs., Inc.*, 460 F. 3d 1162, 1173-74 (9th Cir. 2006) ("[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed."); *see also Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) ("There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt."). Thus, Plaintiff has failed to state a claim for violation of 15 U.S.C. section 1692g, as he has not and cannot show that Aargon failed to properly verify the debt at issue.

### 3. Plaintiff Has Not And Cannot Show That The Legally Required Disclaimers In Its Response To Plaintiff's Request For Verification Violate The FDCPA.

As set forth in detail in Aargon's Motion, Plaintiff's claim that Aargon was unlawfully attempting to collect a debt by virtue of its February 28, 2012 letter in response to his request for verification is wholly without merit. Indeed, even if Aargon's verification was insufficient (which it was not), section 1692g "only prohibits further debt collection until the debt has been verified — it does not ban the communication to the debtor that this section requires." *Maynard*, 401 Fed. Appx. at 396. Plaintiff has not and cannot show that the disclosures provided by Aargon as required by 15 U.S.C. section 1692e(11) in its February 28 letter could be reasonably construed as an attempt to collect the debt in question. Plaintiff has also not alleged that Aargon has made any subsequent attempts to collect the debt in question. Thus, Plaintiff's Complaint should be dismissed, as it fails to state a claim upon which relief can be granted.

### III.     **CONCLUSION.**

For all the foregoing reasons, and for all the reasons set forth in Defendant's Motion to Dismiss, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Dated this 6th day of June, 2012.

                                              _____*/s/ Hillary R. Ross*_____
                                              Hillary R. Ross
The Bourassa Law Group, LLC
3773 Cherry Creek Drive North, Suite 575
Denver, Colorado 80209
Tel:  303.331.6186
Fax: 303.331.6188
Email:  hross@bourassalawgroup.com

*Counsel for Defendant*

## **CERTIFICATE OF MAILING**

The undersigned hereby certifies that the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed electronically through the Court's CM/ECF System on June 6, 2012. A copy was also mailed via U.S.P.S. First Class Mail addressed to:

Lucas DeMaestri
9901 E. Evans Ave. #23D
Denver, CO 80247

 */s/ Hillary R. Ross*
 HILLARY R. ROSS