**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-CV-00736-WYD-KMT

LUCAS DEMAESTRI,

     Plaintiff,

v.

AARGON AGENCY, INC.,

     Defendant.

---

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

COMES NOW, Defendant, AARGON AGENCY, INC. ("Aargon") by and through its attorneys, The Bourassa Law Group LLC, hereby Oppose Plaintiff LUCAS DEMAESTRI's ("Plaintiff") Motion for Leave to File Second Amended Complaint as follows:

**I.     INTRODUCTION AND STATEMENT OF FACTS.**

Plaintiff owes a debt to Denver Health and Hospital Authority that was transferred to Aargon for collection. (Complaint[1] ¶¶ 18-22: Proposed Second Amended Complaint ("PSAC") ¶¶ 18-21.) In February 2012, Plaintiff requested validation of this debt pursuant to 15 U.S.C. section 1692g.[2] (Complaint ¶¶ 23-24; PSAC ¶ 22-23.) Aargon responded on February 28, 2012. (Complaint ¶ 25; PSAC ¶ 24.) In response, Aargon provided Plaintiff with itemized statements from Denver Health and Hospital Authority reflecting, among other things,

---

[1] Plaintiff's Amended Complaint is simply titled "Complaint"; therefore, any references to "Complaint" are references to Plaintiff's operative Amended Complaint.

[2] Plaintiff uses the term "validation," while section 1692g(b) uses the term "verification." For purposes of this Motion, Aargon will presume that "validation" and "verification" both refer to the requirements set forth in section 1692g(b).

Plaintiff's name, his social security number, the services provided, the date of service, and the balance owed.  (*See* Exhibit 1, documents provided to Plaintiff on February 28, 2012 in response to his request for verification.)  In addition, Aargon included a cover letter which stated as follows: "Pursuant to Section 809 of the Fair Debt Collection Practices Act, please find, along with this letter, a copy of the document(s) you requested.  These document(s) validate your outstanding balance placed with our office."  (Complaint ¶ 26; PSAC ¶ 25.)  This letter also contained the following disclosure: "This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose." (Complaint ¶ 28; PSAC ¶ 35.)

On March 29, 2012, Plaintiff filed the operative Complaint in this matter, alleging that Aargon violated the Fair Debt Collection Practices Act ("FDCPA") by failing to properly validate the debt.  (Complaint ¶ 43.)  In addition, Plaintiff contends that the disclaimer in Aargon's February 28 letter violates the FDCPA because it is an attempt to collect a debt without providing proper validation as required by section 1692g.  Aargon responded with a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6), and thereafter, on May 18, 2012, Plaintiff filed the instant Motion to Amend his Complaint.  As will be more fully explained below, however, Plaintiff's proposed Second Amended Complaint suffers the same defects as Plaintiff's Complaint, and the claims alleged are wholly without merit.  Therefore, the proposed amendments are futile, and Plaintiff's request for leave to amend should be denied.

## II.   <u>ARGUMENT.</u>

### A.  <u>Standard For Motion To Amend.</u>

Federal Rule of Civil Procedure Rule 15 governs amendments to pleadings.  *See* F.R.C.P. 15.  "Except when an amendment is pleaded 'as a matter of course,' as defined by the

rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (*quoting* F.R.C.P. 15). Courts "should freely grant leave when justice so requires," however, denial of leave to amend may be justified "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *accord Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the amendments proposed by Plaintiff are futile as his proposed Second Amended Complaint fails to state a claim upon which relief can be granted. Thus, leave to amend may properly be denied.

### B. Leave To Amend Is Futile Because Plaintiff's Proposed Second Amended Complaint Fails To State A Claim.

#### 1. Plaintiff's Claim For Violation Of 15 U.S.C. Section 1692g Fails To State A Claim Because Aargon Properly Verified The Debt.

15 U.S.C. section 1692g(b) provides:

> If the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

3

The FDCPA does not define the term "verification of the debt," however, courts that have addressed this issue have held that a collector can satisfy its duty to verify the debt under section 1692g(b) of the FDCPA by providing the debtor written confirmation of the amount that the creditor claims is owed. *See Clark v. Capital Credit & Collect. Servs., Inc.*, 460 F. 3d 1162, 1173-74 (9th Cir. 2006); *see also Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999).   As the *Chaudhry* court observed, Congress did not implement the verification requirements of section 1692g(b) as a mechanism to allow consumers to demand that collectors provide them detailed evidence of the debt. The goal of section 1692g(b) was much more modest: "Consistent with the legislative history, verification is only intended to eliminate the…problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid. There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.   *Chaudhry*, 174 F.3d at 406 (internal citations and quotations omitted); *accord Maynard v. Cannon*, 401 Fed. Appx. 389, 396 (10th Cir. 2010) ("This provision is not intended to give a debtor a detailed accounting of debt to be collected."). In *Clark*, the Ninth Circuit followed *Chaudhry*, and rejected the consumer's argument that in order to verify a debt, a collector must provide copies of bills or other detailed evidence. The Clark court held: "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Clark*, 460 F.3d at 1173-74 (citations omitted).

Here, in response to Plaintiff's request for validation of the debt in question, Aargon provided the name of the original creditor (Denver Health and Hospital Authority).  (Complaint ¶ 18; Proposed Second Amended Complaint ¶ 18).   Aargon also provided the documents

attached hereto as Exhibit 1, which provide, among other things, the following information demonstrating the validity of the debt:

- The name of the debtor, his date of birth, address, telephone number, and social security number;

- The date of service;

- An itemized list of services provided; and

- The total account balance owed.

(*See* Exhibit 1.)   No further information is required to be provided by Aargon in order to validate the debt.

In the proposed amendments, Plaintiff claims that the verification was not valid because, *inter alia*, the documents provided were purportedly "printed out from Defendant's own computer system," are not "general ledger statements signed and dated by the party responsible for maintaining the alleged account," and do not show "chain or title," a "complete payment history," an "original agreement" Plaintiff had with Denver Health and Hospital Authority, or his address.  (PSAC ¶¶ 26-32.)  However, as set forth above, none of these things is required in order for Aargon to verify a debt under 15 U.S.C. section 1692g.  *See Clark*, 460 F.3d at 1173-74; *Chaudhry*, 174 F.3d at 406; *Maynard*, 401 Fed. Appx. at 396.  Plaintiff's claims of improper verification are without merit, and his Proposed Second Amended Complaint fails to state a claim.  Therefore, his request for leave to amend should be denied, as his proposed amendments are futile.

**2.** **Plaintiff's Claims For Violations Of 15 U.S.C. Section 1692e and 1692f Fail To State A Claim Because, Even If Aargon's Verification Was Inadequate (Which It Is Not), The Disclaimer Set Forth In The Letter Does Not Constitute An Attempt To Collect A Debt.**

Plaintiff's proposed Second Amended Complaint further fails to state a claim because, even if Aargon's verification of Plaintiff's debt was somehow inadequate, Plaintiff's claims that Aargon attempted to collect the debt by sending him the letter referenced in his Complaint are meritless.  Plaintiff claims that Aargon attempted to collect a debt by virtue of its February 28, 2012 letter because the letter stated "This is a communication from a debt collector.  This is an attempt to collect a debt.   Any information obtained will be used for that purpose." (Complaint ¶ 28; PSAC ¶ 35.)   However, section 1692e(11) makes it unlawful for a debt collector to fail to "disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ."  In addition, section 1692e(11) requires that a debt collector "disclose in subsequent communications that the communication is from a debt collector. . . ."  *Id.*  Thus, this language was simply a disclaimer that Aargon was ***required*** by the FDCPA to provide when communicating with a consumer.  Indeed, Plaintiff's claims that this language constitutes "collection of the debt" prohibited by section 1692g(b) would lead to an absurd result, as a debt collector could not respond to a request for validation without risking violation of either section 1692e(11) or section 1692g(b).  As courts have noted, section 1692g "only prohibits further debt collection until the debt has been verified — it does not ban the communication to the debtor that this section requires."  *Maynard*, 401 Fed. Appx. at 396. Plaintiff has failed to allege any other purported efforts by Aargon to collect this debt.  Thus,

leave to amend is properly denied as futile, as Plaintiff's proposed Second Amended Complaint fails to state a claim.

### III.      <u>CONCLUSION.</u>

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint.

Dated this 6th day of June, 2012.

_____/s/ Hillary R. Ross_____
Hillary R. Ross
The Bourassa Law Group, LLC
3773 Cherry Creek Drive North, Suite 575
Denver, Colorado 80209
Tel:  303.331.6186
Fax: 303.331.6188
Email:  hross@bourassalawgroup.com
*Counsel for Defendant*

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** was filed electronically through the Court's CM/ECF System on June 6, 2012. A copy was also mailed via U.S.P.S. First Class Mail addressed to:

> Lucas DeMaestri
> 9901 E. Evans Ave. #23D
> Denver, CO 80247

_/s/ Hillary R. Ross_
HILLARY R. ROSS