IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00736–WYD–KMT

LUCAS DEMAESTRI,

    Plaintiff,

v.

AARGON AGENCY, INC.,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff's Opposed Motion for Leave to File Second Amended Complaint"[1] (Doc. No. 20, filed May 18, 2012), as well as "Defendant's Motion to Dismiss Plaintiff's Complaint"[2] (Doc. No. 13, filed May 1, 2012).

On May 4, 2012, the court entered a Minute Order (Doc. No. 16) striking the Amended Complaint filed by Plaintiff on May 3, 2012 (Doc. No. 15). In support of its decision to strike Plaintiff's Amended Complaint, the court concluded that Plaintiff had already availed himself of his one opportunity to amend his complaint as a matter of course pursuant to Fed. R. Civ. P.

---

[1] "Defendant's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint" was filed on June 6, 2012. (Doc. No. 26.) No reply was filed.

[2] Plaintiff's Response in Opposition to Defendant's Motion to Dismiss was filed on May 22, 2012 (Doc. No. 22) and Defendant's Reply in Support of its Motion to Dismiss was filed on June 6, 2012 (Doc. No. 25).

15(a)(1) and was therefore required to seek leave to amend his complaint consistent with Fed. R. Civ. P. 15(a)(2).  (Doc. No. 16.)

The court finds that it erred by striking Plaintiff's Amended Complaint.  In support of its prior conclusion that Plaintiff had already availed himself of his opportunity to amend his complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), the court pointed to the Amended Complaint filed on March 29, 2012.  (Doc. No. 5.)  However, that Amended Complaint was not volitionally filed; rather Plaintiff submitted his Amended Complaint in response to an Order Directing Plaintiff to Cure Deficiencies entered by Magistrate Judge Boyd N. Boland.  (*See* Doc. No. 4, filed Mar. 26, 2012.)  Notably, Plaintiff was not required to make any substantive amendments to his original Complaint; rather, Magistrate Judge Boland merely required Plaintiff to file an Amended Complaint on the proper and current court forms.  (*See id.*)

Under these circumstances, the court reverses its prior Minute Order and concludes that Plaintiff did not avail himself of his Rule 15(a)(1) right to amend his pleading once as a matter of course by filing his Amended Complaint.  Furthermore, because Plaintiff's Motion to Amend was filed within 21 days after Defendant served its Motion to Dismiss, the amendments contained in Plaintiff's proposed Second Amended Complaint (Doc. No. 20-1) are permissible as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course . . . within 21 days after service of a motion under Rule 12(b), (e), or (f) . . . .")  Accordingly, the court will grant Plaintiff's Motion to Amend and accept Plaintiff's proposed Second Amended Complaint for filing.  Finally, because Plaintiff's Second Amended Complaint is accepted for filing, the court finds that Defendant's Motion to Dismiss is properly denied

without prejudice as moot.  *See, e.g., Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that "Defendants' motions to dismiss are technically moot because they are directed at a pleading that is no longer operative").

Therefore, for the foregoing reasons it is

ORDERED that  "Plaintiff's Opposed Motion for Leave to File Second Amended Complaint" (Doc. No. 20) is GRANTED.  The clerk of court is directed to file Plaintiff's Second Amended Complaint (Doc. No. 20-1).

It is further

ORDERED that "Defendant's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 13) is DENIED without prejudice as moot.

Dated this 23rd day of July, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge