## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 12-CV-00736-WYD-KMT**

LUCAS DEMAESTRI,

      Plaintiff,

v.

AARGON AGENCY, INC.,

      Defendant.

---

## DEFENDANT AARGON AGENCY, INC.'S ANSWER TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

---

COMES NOW, Defendant AARGON AGENCY, INC., ("Defendant") by and through its attorney, Hillary Ross of The Bourassa Law Group, LLC, and hereby answers the Second Amended Complaint (the "Second Amended Complaint") on file herein by Plaintiff LUCAS DEMAESTRI ("Plaintiff") as follows:

1. Answering paragraph 1 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

2. Answering paragraph 2 of Plaintiff's Second Amended Complaint, Defendant ADMITS that Plaintiff is a natural person.

3. Answering paragraph 3 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

4.      Answering paragraph 4 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

5.      Answering paragraph 5 of Plaintiff's Second Amended Complaint, Defendant ADMITS that it is in the business of collection of debts.

6.      Answering paragraph 6 of Plaintiff's Second Amended Complaint, Defendant ADMITS that it utilizes interstate commerce in the collection of debts.

7.      Answering paragraph 7 of Plaintiff's Second Amended Complaint, Defendant ADMITS that it regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

8.      Answering paragraph 8 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

9.      Answering paragraph 9 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein, and therefore DENIES the same.

10.     Answering paragraph 10 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein, and therefore DENIES the same.

11.     Answering paragraph 11 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein, and therefore DENIES the same.

12.     Answering paragraph 12 of Plaintiff's Second Amended Complaint, Defendant ADMITS that it is a licensed collection agency, and that it is engaged in the business of collecting debts within the State of Colorado.   Defendant denies the remaining allegations in paragraph 12.

13.     Answering paragraph 13 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

14.     Answering paragraph 14 of Plaintiff's Second Amended Complaint, Defendant admits that it is engaged in the business of collecting debts within the jurisdiction of this Court.

15.     Answering paragraph 15 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

16.     Answering paragraph 16 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

17.     Answering paragraph 17 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

18.     Answering paragraph 18 of Plaintiff's Second Amended Complaint, Defendant ADMITS that Plaintiff allegedly incurred a financial obligation owed to Denver Health and Hospital Authority.

19.     Answering paragraph 19 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

20.     Answering paragraph 20 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein, and therefore DENIES the same.

21.     Answering paragraph 21 of Plaintiff's Second Amended Complaint, Defendant ADMITS that it sent Plaintiff a debt collection notice prior to the filing of the instant action.

22.     Answering paragraph 22 of Plaintiff's Second Amended Complaint, Defendants admit that Plaintiff made a request for validation of the debt on or about February 9, 2012. The remaining allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

23.     Answering paragraph 23 of Plaintiff's Second Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein, and therefore DENIES the same.

24.     Answering paragraph 24 of Plaintiff's Second Amended Complaint, Defendant ADMITS that it responded to Plaintiff's validation request on or about February 28, 2012 with a letter and documents validating/verifying the debt.  Defendant DENIES the remaining allegations in paragraph 24.

25.     Answering paragraph 25 of Plaintiff's Second Amended Complaint, Defendant admits that it sent Plaintiff a letter on or about February 28, 2012 containing the language quoted in paragraph 25.  Defendant is without sufficient knowledge and information

upon which to base a belief as to Plaintiff's receipt of the letter, and therefore DENIES the same.  Defendant DENIES the remaining allegations in paragraph 25.

26.     Answering paragraph 26 of Plaintiff's Second Amended Complaint, Defendant ADMITS that it provided documents to Plaintiff on or about February 28, 2012, and asserts that the documents speak for themselves.  Defendant DENIES the remaining allegations in paragraph 26.

27.     Answering paragraph 27 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein, and asserts that the documents speak for themselves.

28.      Answering paragraph 28 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein, and asserts that the documents speak for themselves.

29.     Answering paragraph 29 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein, and asserts that the documents speak for themselves.

30.     Answering paragraph 30 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein, and asserts that the documents speak for themselves.

31.     Answering paragraph 31 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

32.     Answering paragraph 32 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein, and asserts that the documents speak for themselves.

33.     Answering paragraph 33 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein, and asserts that the documents speak for themselves.

34.     Answering paragraph 34 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein, and asserts that the documents speak for themselves.

35.     Answering paragraph 35 of Plaintiff's Second Amended Complaint, Defendant ADMITS the allegations contained therein.

36.     Answering paragraph 36 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

37.     Answering paragraph 37 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

38.     Answering paragraph 38 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

39.     Answering paragraph 39 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

40.     Answering paragraph 40 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

41.     Answering paragraph 41 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

42.     Answering paragraph 42 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

43.     Answering paragraph 43 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

44.     Answering paragraph 44 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

45.     Answering paragraph 45 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

46.     Answering paragraph 46 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

47.     Answering paragraph 47 of Plaintiff's Second Amended Complaint, the allegations contained therein require a conclusion of law and therefore Defendant DENIES the same.

48.     Answering paragraph 48 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

49.     Answering paragraph 49 of Plaintiff's Second Amended Complaint, Defendant reasserts and incorporates by reference its responses to paragraphs 1-48 as if set forth fully herein.

50.     Answering paragraph 50 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

51.     Answering paragraph 51 of Plaintiff's Second Amended Complaint, Defendant DENIES the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the Plaintiff's Second Amended Complaint and each and every cause of action stated therein fails to state facts sufficient to constitute a cause of action, or any cause of action, as against the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint has failed to join all necessary and indispensable parties for full and final resolution of this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

The answering Defendant is informed and believes and thereon alleges that it is not legally responsible in any fashion with respect to damages and injuries claimed by Plaintiff in the Second Amended Complaint; however, if the answering Defendant is subjected to any liability to Plaintiff or any other party herein, it will be due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness and negligence of others; wherefore, any recovery obtained by Plaintiff or any other party herein against the answering Defendant should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

The answering Defendant is informed and believe and thereon alleges that the Second Amended Complaint and each and every cause of action contained therein is barred by the applicable Statutes of Limitation or Repose, or have been settled, resolved, waived or released by Plaintiff as against the answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

The answering Defendants are informed and believe and thereon allege that they has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Second Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The answering Defendant is informed and believe and thereon alleges that Plaintiff's damages, if any, were caused by the acts of unknown third persons who were not agents, servants or employees of this answering Defendant, and who were not acting on behalf of this answering Defendant in any manner or form, and, as such, the Defendant is not liable in any manner to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The answering Defendant is informed and believes and thereon allege that the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of Plaintiff and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the Plaintiff complains, thus barring Plaintiff from any recovery against the answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. Rule 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing of Defendants' Answer, therefore Defendants reserve the right to amend the Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

## PRAYER FOR RELIEF

WHEREFORE Defendants pray for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by way of this action;

2.      For costs of suit incurred herein;

3.      For attorneys fees and costs; and,

4.      For all other such relief that this court deems just and proper.


Dated this 3rd day of August, 2012.


_____*/s/ Hillary R. Ross*_____

Hillary R. Ross
The Bourassa Law Group, LLC
3773 Cherry Creek Drive North, Suite 575
Denver, Colorado 80209
Tel:  303.331.6186
Fax: 303.331.6188
Email:  hross@bourassalawgroup.com
*Counsel for Defendant*

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the foregoing **DEFENDANT AARGON AGENCY,**

**INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** was filed

electronically through the Court's CM/ECF System on August 3 2012. A copy was also mailed

via U.S.P.S. First Class Mail addressed to:

      Lucas DeMaestri
      9901 E. Evans Ave. #23D
      Denver, CO 80247

                             */s/ Hillary R. Ross*
                             HILLARY R. ROSS